Jeremy Pyle (OSB ID 110157)
PRICE LAW GROUP
15760 Ventura Blvd., Suite 1100
Encino, CA 91436

G. Thomas Martin, III (SBN 218456)
PRICE LAW GROUP
15760 Ventura Blvd., Suite 1100
Encino, CA 91436

T: (818) 907-2030; F: (818) 205-2730
jeremy@mpslawoffices.com
tom@plglawfirm.com

Attorneys for Plaintiff,
**KAREN BRADLEY**

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **KAREN BRADLEY,**<br>    Plaintiff,<br><br>vs.<br><br>**DIVERSIFIED COLLECTION SERVICES, INC.; and DOES 1 through 10, inclusive,**<br>    Defendant. | Case No.: 6:12-cv-1991<br><br>**COMPLAINT**<br>**Unlawful Debt Collection Practices**<br>**(15 U.S.C. § 1692)**<br>**DEMAND FOR JURY TRIAL** |

<u>**COMPLAINT AND DEMAND FOR JURY TRIAL**</u>

*I. INTRODUCTION*

1. This is an action for actual and statutory damages brought by Plaintiff, **KAREN**

    **BRADLEY**, an individual consumer, against Defendant, **DIVERSIFIED**

COMPLAINT AND DEMAND FOR JURY TRIAL

1

**COLLECTION SERVICES, INC.**, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## *II. JURISDICTION*

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here.

## *III. PARTIES*

3. Plaintiff, Karen Bradley, is a natural person with a permanent residence in Bend, Deschutes County, Oregon 97701.

4. Upon information and belief the Defendant, Diversified Collection Services, Inc., is a corporation engaged in the business of collecting debt in this state and in several other states, with its principal place of business located at 333 North Canyons Parkway, Suite 100, Livermore, Alameda County, California 94551. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## *IV. FACTUAL ALLEGATIONS*

6. The debt Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which

COMPLAINT AND DEMAND FOR JURY TRIAL
2

are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

7. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, communicated with Plaintiff's mother, who is not a co-signer on the alleged debt, and the communication was not in a manner covered by *§1692b* of the FDCPA.

8. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, contact Plaintiff by leaving a voicemail communication for Plaintiff in which the Defendant did not identify that the communication was from a debt collector.

9. Within one (1) year preceding the date of this Complaint and during the first thirty (30) days of communicating with Plaintiff, Defendant, in connection with the collection of the alleged debt, demanded payment on the alleged debt and thereby overshadowed the Plaintiff's right to dispute the validity of the debt.

10. The natural consequences of Defendant's statements and actions were to unjustly condemn and vilify Plaintiff for her non-payment of the debt she allegedly owed.

11. The natural consequences of Defendant's statements and actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

12. The natural consequences of Defendant's statements and actions were to cause Plaintiff mental distress.

13. Defendant utilized unfair and unconscionable means to collect on Plaintiff's alleged debt, by lying to and misleading Plaintiff and speaking to third party in reference to the alleged debt.

## V. FIRST CLAIM FOR RELIEF

14. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

15. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

   (a) Defendant violated *§1692b(2)* of the FDCPA by telling a third party that the Plaintiff owes an alleged debt; and

   (b) Defendant violated *§1692c(b)* of the FDCPA by contacting a third party in connection with the collection of the alleged debt without the consent of the Plaintiff and the contact was not in a manner covered by *§1692b* of the FDCPA; and

   (c) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

   (d) Defendant violated *§1692e* of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

   (e) Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt; and

   (f) Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in a communication subsequent to the initial communication that was not a formal pleading that the communication was from a debt collector; and

   (g) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and

(h) Defendant violated *§1692g(b)* of the FDCPA by overshadowing or being inconsistent with the disclosure of the consumer's rights to dispute the debt or request the name and address of the original creditor.

16. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, Karen Bradley, for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, Diversified Collection Services, Inc., for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA.
B. Actual damages.
C. Statutory damages.
D. Costs and reasonable attorney fees.
E. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.
F. For such other and further relief as the Court may deem just and proper.

///
///
///
///

## VI. DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Karen Bradley, demands trial by jury in this action.

DATED: November 06, 2012

RESPECTFULLY SUBMITTED,
By: /s/Jeremy Pyle
Jeremy Pyle
(OSB ID 110157)
PRICE LAW GROUP
15760 Ventura Blvd., Suite 1100
Encino, CA 91436

G. Thomas Martin, III
(SBN 218456)
PRICE LAW GROUP
15760 Ventura Blvd., Suite 1100
Encino, CA 91436

T: (818) 907-2030
F: (818) 205-2730
jeremy@mpslawoffices.com
tom@plglawfirm.com

Attorneys for Plaintiff,
Karen Bradley
